**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE SHOSHONE INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*. | ) | No. 4581-79 L<br>Judge Hewitt |
| THE ARAPAHO INDIAN TRIBE OF THE WIND RIVER RESERVATION, WYOMING,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*. | ) | No. 4591-79 L<br>Judge Hewitt |

**DEFENDANT'S ANSWER TO**
**FIRST AMENDED PETITION – EASTERN SHOSHONE INDIAN TRIBE**

The United States, defendant herein, for answer to the First Amended Petition respectfully states the following:

First Defense

The First Amended Petition fails to state a claim upon which relief can be granted.

Second Defense

The First Amended Petition fails to state a claim within the jurisdiction of this Court.

Third Defense

That this Court lacks jurisdiction over plaintiff's claims because of the statute of limitations, 28 U.S.C. § 2501.

Fourth Defense

1. The First Amended Petition fails to state a claim within the jurisdiction of this Court as to those claims sounding in equity or tort.

2. The First Amended Petition fails to state a claim within the jurisdiction of this Court that arises under the Constitution, laws or treaties of the United States, or Executive orders of the President, or otherwise cognizable were the claimants not the Indian tribes. 28 U.S.C. § 1505.

Fifth Defense

Defendant respectfully reserves the right to add additional affirmative defenses that may be also revealed by way of discovery in this matter.

Sixth Defense

For answer to the numbered paragraphs of plaintiff's First Amended Petition, defendant states that:[1/]

1. Defendant admits the allegations of paragraph 1 (First Amended Pet. 1).

2. Defendant does not have sufficient information to admit or deny paragraph 2 (First Amended Pet. 1).

3. Defendant admits the existence of correctly cited treaties, statutes, valid judicially

[1/] Defendant's use of sections and numbering of paragraphs corresponds to the designations employed in plaintiff's First Amended Petition.

found facts and determinations, but denies all other allegations of paragraph 3 (First Amended Pet. 1-2).

4. Defendant admits the existence of correctly cited statutes and valid judicial determinations of paragraph 4, but denies all other allegations (First Amended Pet. 3).

5. Defendant admits the existence of correctly cited statutes and valid judicial determinations of paragraph 5, but denies all other allegations (First Amended Pet. 3-4).

6. Defendant admits the existence of correctly cited statutes and valid judicial determinations of paragraph 6, but denies all other allegations (First Amended Pet. 4).

7. Defendant admits the existence of correctly cited statutes and valid judicial determinations of paragraph 7, but denies all other allegations.

8. Defendant admits the existence of correctly cited statutes and valid judicial determinations of paragraph 8, but denies all other allegations (First Amended Pet. 5). Particularly, defendant denies that it holds conventional trustee duties toward plaintiff and in any event denies trustee duties except those set forth in treaties, statutes or agreements. Gila River Indian Community v. United States, 190 Ct. Cl. 790, 797 (1970).

9. Defendant admits that at times it has helped plaintiff with respect to certain of its funds and property (paragraph 9), but denies that it has held and managed the same as a conventional trustee (First Amended Pet. 6).

10. Defendant denies the allegations of paragraph 10 (First Amended Pet. 6).

CLAIM I

(FAILURE OR DELAY IN COLLECTING FUNDS DUE TO THE TRIBE)

11. Defendant admits that it has helped out with certain of plaintiff's funds and collections (paragraph 11), but denies generally any fiduciary obligations with respect thereto and further states that plaintiff, rather than defendant, had much of the management and control of the funds.

12. Defendant denies the allegations of paragraph 12 (First Amended Pet. 6).

CLAIM II

(DELAY IN DEPOSITING)

13. Defendant denies the allegations of paragraph 13 (First Amended Pet. 7).

CLAIM III

(HOLDING TRUST FUNDS IN THE TREASURY AT INADEQUATE INTEREST)

14. With respect to paragraph 14, defendant denies that any of plaintiff's funds subject to this suit received less interest than that provided by law (First Amended Pet. 7).

15. With respect to paragraph 15, defendant denies that there were other available investments in which defendant was required by law to invest plaintiff's funds (First Amended Pet. 7).

16. Defendant denies the allegations of paragraph 16 (First Amended Pet. 8).

CLAIM IV

(<u>INVESTMENT AT INADEQUATE RATES</u>)

17. Defendant denies any failure to properly invest plaintiff's funds as alleged in paragraph 17 (First Amended Pet. 8).

CLAIM V

(<u>IMPROPER EXPENDITURES FROM INTEREST BEARING ACCOUNTS</u>)

18. Defendant denies the allegations of paragraph 18 (First Amended Pet. 8).

CLAIM VI

(<u>MISUSE OF MISCELLANEOUS REVENUES</u>)

19. Defendant denies the allegations of paragraph 19 implying a wrongful use of plaintiff's funds (First Amended Pet. 9).

CLAIM VII

(<u>MISMANAGEMENT OF CREDIT PROGRAM</u>)

20. Defendant denies any wrongful management of tribal credit programs as alleged in paragraph 20 (First Amended Pet. 9).

CLAIM VIII

(<u>MISMANAGEMENT OF PLAINTIFF'S OIL AND GAS ESTATE</u>)

21. To the extent statutes, treaties, regulations and leases show that plaintiff is the beneficial owner in oil, gas and mineral deposits, defendant does not deny such allegations of paragraph 21. However, defendant denies any wrongful management of any of its obligations

concerned therewith (First Amended Pet. 9-10).

22. Defendant denies the allegations of paragraph 22 (First Amended Pet. 10).

23. Defendant denies any wrongful action with respect to plaintiff's allegation of exclusions of river and lake bottoms (First Amended Pet. 10).

24. Defendant denies any wrongful holding of plaintiff's oil and gas monies as implied in paragraph 24 (First Amended Pet. 11).

25. Defendant denies the allegations of paragraph 25 (First Amended Pet. 11).

25(a). Defendant denies the allegations of paragraph 25(a). First Amended Pet. 11.

25(b). Defendant denies the allegations of paragraph 25(b). First Amended Pet. 11-12.

25(c). Defendant denies any failure to obtain a proper price for plaintiff's oil and gas as alleged in paragraph 25(c). First Amended Pet. 12.

25(d). Defendant denies any wrongful failure in obtaining proper rental and royalty payments as alleged in paragraph 25(d). First Amended Pet. 12.

25(e). Defendant denies any wrongful failure to terminate leases or require payment penalties as alleged in paragraph 25(e). First Amended Pet. 12.

25(f). Defendant denies the allegations of paragraph 25(f). First Amended Pet. 12-13.

25(g). Defendant denies the allegations of paragraph 25(g). First Amended Pet. 13.

## Seventh Defense

In the event facts as alleged by plaintiff in paragraphs 1-25(g) are shown hereafter to be correct, defendant denies that any of them or any group of them constitute an actionable wrong against the defendant.

Eighth Defense

If there is any actionable wrong in plaintiff, it lies against others and not against the United States.

Ninth Defense

Plainiff's claims, if any, are barred by res judicata and/or collateral estoppel. The cases giving rise to these defenses include, but are not limited to: Shoshone Tribe of Wind River v. United States, 3 Ind. Cl. Comm. 313 (1954); Shoshone Tribe of Wind River v. United States, 11 Ind. Cl. Comm. 387 (1962) and Shoshone Nation v. United States, 19 Ind. Cl. Comm. 3 (1968).

Tenth Defense

Defendant asserts that any damages suffered by plaintiff have been satisfied, or may be satisfied, by the other actions in which plaintiffs may be a party. The actions giving rise to this defense include, but are not limited to: Cheyenne-Arapaho Tribes, et al. v. United States, Nos. 342-70, 343-70, before the Court of Federal Claims.

Eleventh Defense

From time to time, the defendant has expended various sums of money, provided various services and provided various supplies and properties to plaintiff tribe, the details of which and the amounts of which are not known to defendant at this time. These are in the nature of mitigation of plaintiff's damages; enhancement values; set-offs, counterclaims or other demands; and gratuitous expenditures. To the extent these may constitute appropriate credits or deductions against plaintiff's claims, defendant claims the same and will set forth the same with more specificity when and if such credits become material to the litigation of the case.

Wherefore, defendant asserts that plaintiff is entitled to nothing and requests that the First Amended Petition be dismissed.

Dated: April 14, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/Terry M. Petrie
TERRY M. PETRIE
Environment and Natural Resources Divisioin
U.S. Department of Justice
999 18th Street, Suite 945
Denver, CO 80202
(303) 312-7327 (telephone)
(303) 312-7379 (facsimile)
Terry.Petrie@usdoj.gov

Counsel of Record for Defendant

OF COUNSEL

THOMAS KEARNS
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20240